**JAMES R. GREINER, ESQ.**
CALIFORNIA STATE BAR NUMBER 123357
**LAW OFFICES OF JAMES R. GREINER**
555 UNIVERSITY AVENUE, SUITE 290
SACRAMENTO, CALIFORNIA 95825
TELEPHONE:(916) 649-2006
FAX: (916) 920-7951
E mail: jaygreiner@midtown.net

ATTORNEY FOR DEFENDANT
SUSAN HAUSER

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR.-S-08-293-JAM |
|---|---|
| PLAINTIFF, | STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE TO TUESDAY, SEPTEMBER 30, 2008 |
| v. | |
| SUSAN HAUSER, | |
| DEFENDANT. | |

Plaintiff United States of America, by its counsel, Assistant United States Attorney, Ms. Ellen Endrizzi and defendant SUSAN HAUSER by her attorney, Mr. James R. Greiner, hereby stipulate and agree that the status conference calendared for **Tuesday, August 26, 2008, at 8:30 a.m.** before the Honorable United States District Court Judge, John A. Mendez, may be continued to **Tuesday, September 30, 2008, at 9:30 a.m.**

The Court's courtroom deputy, has been contacted to ensure the Court's calendar was available for that date and the Court is available on Tuesday, September 30, 2008.

The defendant is out of custody. There is no trial date set. At the defendant's first Court appearance, the Court made a finding that this case is complex pursuant to

1

the Speedy Trial Act, Title 18 U.S.C. section 3161(h)(8)(B)(ii) and local code T-2. (See Docket Entry # 4). The Court, from the factual record provided, made the finding that this case is so unusual or so complex, due to the nature of the prosecution, or the existence of novel questions of fact or law, or the complex nature of the financial transactions involved, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by the Speedy Trial Act. (See Docket Entry #4). In addition, the Court, from the factual record provided at the first appearance of the defendant, made the finding that time would be excluded under local code T-4, that time is to be excluded for the reasonable time necessary for effective preparation by defense counsel and Title 18 U.S.C. section 3161(h)(8)(B)(iv), of the speedy trial act. (See Docket Entry #4)

## PROCEDURAL STATUS OF THE CASE

On June 26, 2008, the government filed an Indictment charging the defendant with the following allegations: Count 1, willfully filing a false tax return on or about April 23, 2004 (Title 26 U.S.C. section 7206(1)); Count 2, willfully filing a false tax return on or about February 3, 2005, (Title 26 U.S.C. section 7206(1)); Count 3, willfully filing a false tax return on or about April 15, 2005, (Title 26 U.S.C. section 7206(1)); Count 4, willfully filing a false tax return on or about October 3, 2006, (Title 26 U.S.C. section 7206(1)); Count 5, willfully filing a false tax return on or about June 5, 2007, (Title 26 U.S.C. section 7206(1)); Count 6 through 11 are mail fraud counts (Title 18 1341), where it is alleged as follows: the defendant was employed by "FFB" a law firm located in Sacramento County. During the course of the defendant's employment with "FFB" law firm the defendant was the office manager.

It is further alleged that from at least June 26, 2003 to October 31, 2006, in the State and Eastern District of California, the defendant devised and intended to devise a material scheme and artifice to defraud the law firm "FFB" by means of false and

fraudulent pretenses, representations, and promises and to conceal said scheme. It is alleged that part of the scheme and artifice to defraud that the defendant used her position of trust as the office manager of "FFB" and her limited authority as a signatory on "FFB" bank accounts to fraudulently obtain at least $998,000.00 from "FFB".

It is further alleged that the defendant forged "FFB" checks for defendant's personal pecuniary gain; issued "FFB" checks to pay personal debts; cashed "FFB" checks made payable to "FFB" and kept the proceeds; and used "FFB" credit cards for personal purchases and cash advances.

It is further alleged that part of the scheme and artifice to defraud the defendant caused mailings to financial institutions in order to pay personal debts.

It is further alleged that part of the scheme and artifice to defraud the defendant made false material representations to financial institutions regarding her authority with respect to "FFB" accounts by submitting forged checks for payment. It is further alleged that the defendant forged the signature of "FFB" partner D.F. on at least three checks and it is alleged the defendant presented these checks to American River Bank for payment on or about May 23, 2006, June 8, 2006 and June 15, 2006, in the amounts of $5,000.00, $5,000.00 and $1,500.00, respectfully.

It is further alleged the mailings occurred as follows: Count 6, November 19, 2003, a mailing to Citibank, the Lakes, Nevada, for payment on defendant's personal credit card using a check drawn on the "FFB" account in the amount of $4, 915.26; Count 7, May 21, 2004, a mailing to Citibank, the Lakes, Nevada, for payment on defendant's personal credit card using a check drawn on the "FFB" account in the amount of $7,796.59; Count 8, April 11, 2005, a mailing to Citibank, the Lakes, Nevada, for payment on defendant's personal credit card using a check drawn on the "FFB" account in the amount of $8,037.96; Count 9, a mailing to Citibank, the Lakes, Nevada, for payment on defendant's personal credit card using a check drawn on the

"FFB" account in the amount of $7,767.82; Count 10, a mailing to Cardmember Services (Chase Visa) in Palatine, Illinois, for payment on defendant's personal credit card using a check drawn on the "FFB" account in the amount of $8,137.82; Count 11, a mailing to Cardmember Services (Chase Visa) in Palatine, Illinois, for payment on defendant's personal credit card using a check drawn on the "FFB" account in the amount of $6,743.20. (See Docket Entry #1)

A summons was issued on June 27, 2008, requiring the defendant to appear on July 28, 2008. (See Docket Entry # 3)

The defendant made her first appearance in Court on July 28, 2008. (See Docket Entry #4) The defendant signed and the clerk filed a unsecured appearance bond in the amount of $50,000.00. (See Docket Entry # 5)

The Court found excluable time under the Speedy Trial Act under both local codes T-2, which corresponds to Title 18 U.S.C. section 3161(h)(8)(B)(ii), and T-4, which corresponds to Title 18 U.S.C. section 3161(h)(8)(B)(iv). The Court, from the factual record provided, made the finding that this case is so unusual or so complex, due to the nature of the prosecution, or the existence of novel questions of fact or law, or the complex nature of the financial transactions involved, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by the Speedy Trial Act. (See Docket Entry #4). In addition, the Court, from the factual record provided at the first appearance of the defendant, made the finding that time would be excluded under local code T-4, that time is to be excluded for the reasonable time necessary for effective preparation by defense counsel and Title 18 U.S.C. section 3161(h)(8)(B)(iv), of the speedy trial act. (See Docket Entry #4)

**STATUS OF DISCOVERY IN THE CASE**

The government has provided discovery consisting of over 6,000 pages. This discovery is being reviewed by defense counsel. As the government alleged in the Indictment, the investigation by the government indicates this case allegedly began back in 2003, some 5 years ago. The defense is diligently attempting to catch up on the government's investigation in the case.

The parties stipulate and agree that time under the Speedy Trial Act shall continue be excluded **up to and including Tuesday, September 30, 2008, under** the Speedy Trial Act under Local Code T-4 (**time for defense counsel preparation**) and Title 18 U.S.C. section 3161(h)(8)(B)(iv).

Respectfully submitted,

McGREGOR W. SCOTT
UNITED STATES ATTORNEY

/s/ Ellen Endrizzi by e mail authorization

DATED: 8-25-08
_____
ELLEN ENDRIZZI
ASSISTANT UNITED STATES ATTORNEYS
ATTORNEYS FOR THE PLAINTIFF

DATED: 8-25-08     /s/ James R. Greiner
_____
James R. Greiner
Attorney for Defendant
SUSAN HAUSER

# ORDER

This matter having come before me pursuant to the Stipulation of the parties, and good cause appearing therefor,

IT IS ORDERED THAT: the hearing now set for Tuesday, August 26, 2008, at 8:30 a.m., is vacated and the matter is set for a status conference on Tuesday, September 30, 2008, at 8:30 a.m..

Further, the Court finds excluable time under the Speedy Trial Act under both local codes T-2, which corresponds to Title 18 U.S.C. section 3161(h)(8)(B)(ii), and T-4, which corresponds to Title 18 U.S.C. section 3161(h)(8)(B)(iv). The Court, finds that this case is so unusual or so complex, due to the nature of the prosecution, or the existence of novel questions of fact or law, or the complex nature of the financial transactions involved, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by the Speedy Trial Act. In addition, the Court finds that time will also be excluded under local code T-4, that time is to be excluded for the reasonable time necessary for effective preparation by defense counsel and Title 18 U.S.C. section 3161(h)(8)(B)(iv), of the speedy trial act. The time under the Speedy Trial Act is thus excluded from Tuesday, August 26, 2008, to Tuesday, September 30, 2008, for the reasons stated.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: August 25, 2008.

      /s/ John A. Mendez
**JOHN A. MENDEZ**
**UNITED STATES**
**DISTRICT COURT JUDGE**